```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARTIN HERREDIA-MORALES,**

                    Petitioner,

        v.                        CASE NO. 12-3010-SAC

**JAY SHELDON,**
**Warden, et al.,**

                    Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Norton Correctional Facility, Norton, Kansas. Petitioner has also filed a Motion to Proceed in forma pauperis. Having examined the materials filed, the court finds as follows.

**FILING FEE**

28 U.S.C. 1915 requires that a prisoner seeking to bring a an action in forma pauperis to provide a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2). Petitioner has submitted an Inmate Account Statement, but it is not for the correct time period. Instead, it is dated April 19, 2010, and thus does not reflect finanical transactions for the six-month period immediately prior to his filing of this

action. Petitioner is given time to submit a certified copy of his inmate account statement for the correct time period. If he fails to comply within the time allotted, this action may be dismissed without prejudice as a result.

**HABEAS CLAIMS**

Petitioner was convicted by a jury in Wyandotte County District Court of Second Degree Murder and was sentenced on May 14, 2004, to 165 months in prison. He directly appealed his conviction, and the Kansas Court of Appeals affirmed on February 6, 2009. State v. Herredia-Morales, 200 P.3d 503, 2009 WO 311809 (Kan.App. 2009). His Petition for Review was denied by the Kansas Supreme Court on October 5, 2009. Id.

It follows that allegations in this petition and attached exhibits suggesting that a direct appeal was not filed are incorrect. On direct appeal, Mr. Herredia-Morales raised only one issue: that the district court erred in denying his request for jury instructions on second-degree reckless murder, voluntary manslaughter, and involuntary manslaughter.

An exhibit attached to the petition of a letter to Mr. Herredia-Morales from an attorney indicates that he and this attorney discussed filing a post-conviction motion based on the claim of ineffective assistance of trial counsel.

On December 29, 2009, Mr. Herredia-Morales filed a state post-conviction motion pursuant to K.S.A. 60-1507, which was denied on April 8, 2010. Although the forms require that he do so, he

does not allege or show what issues he raised in this pro se petition.  Petitioner did not appeal this decision.  He claims a Notice of Appeal was filed, but the appeal was never docketed and did not proceed because no attorney was appointed to represent him.

As his grounds in this federal petition, Mr. Herredia-Morales alleges phrases only: "Ortiz hearing, conflict of interest, letter stating or implications to that effect."  As supporting facts, petitioner states only: "These facts are in the record."  Petitioner indicates that this claim was not exhausted because the judge would not give him counsel to proceed on appeal.  Since petitioner did complete his direct appeal on his claim regarding jury instructions, the court assumes that the claim or claims petitioner now seeks to have reviewed by this court are the ones that he raised in his 60-1507 motion.

In his federal petition, Mr. Herredia-Morales has not stated a clear claim, such as ineffective assistance of trial counsel.  It simply cannot be determined from the stark phrases he writes what his claim or claims might be.[1]  Several grounds for ineffective assistance of trial counsel were mentioned in the attached letter from an attorney.  However, petitioner may not state his claims by simply referring to a letter.  Likewise, his general reference to the record is not a sufficient statement of facts in support.  The court concludes that this petition is defective and subject to being dismissed because petitioner fails

---

[1] The court expresses no opinion as to the possible merits of any of petitioner's potential claims.

to formulate and state a claim in his petition that would entitle him to federal habeas corpus relief and fails to state any facts in his petition to support a claim.

The court further finds that it is clear from the face of the petition that Mr. Herredia-Morales has not fully exhausted his state court remedies on any claim other than his claim regarding jury instructions that was exhausted on direct appeal. Any other claim that he may have been raised in his 60-1507 petition, was not presented to either the Kansas Court of Appeals or the Kansas Supreme Court. Even though petitioner indicates in a later question on exhaustion in his application that all grounds for relief have been presented to the highest state court, his allegations that he did not appeal the state district judge's denial of his 60-1507 motion is to the contrary.

28 U.S.C. 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Id. A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the

4

claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." <u>Dever v. Kansas State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994). The court reiterates that the only claim petitioner has presented to the highest state court is his claim regarding jury instructions. Any claim that was raised in his 60-1507 motion only, has not been fully and properly exhausted in state court until he has appealed the denial of that motion to the Kansas Court of Appeals; and if that court denies relief petitioner must file a Petition for Review in the Kansas Supreme Court. Petitioner may ask the Kansas Court of Appeals to allow him to appeal out of time. However, he must understand that there is no right to have counsel appointed to represent him in the appeal of the denial of a 60-1507 motion. There is a right to counsel on direct appeal, but not on appeal of post-conviction motions. If petitioner is unable to raise his claims and appeal them to the Kansas Supreme Court, then he may have procedurally defaulted them in state court. This means they would be procedurally defaulted in federal court as well.

Mr. Herredia-Morales is given time to show cause why this action should not be dismissed for failure to state a claim and facts in support, and for failure to fully exhausted his state court remedies on any claims he may be raising that are not those involving the jury instructions. If he fails to show cause within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that within the same thirty-day period, petitioner is required to show cause why this action should not be dismissed for failure to state a claim and facts in support and for failure to have fully exhausted his state court remedies on his claims.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge