```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARTIN HERREDIA-MORALES,**

                         **Petitioner,**

                v.                      CASE NO.  12-3010-SAC

**JAY SHELDON,**
**Warden, et al.,**

                         **Respondents.**

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Norton Correctional Facility, Norton, Kansas.

Petitioner has filed financial information to support his motion to proceed in forma pauperis. The motion is granted based upon the balance in petitioner's inmate account.

In an order dated January 30, 2012, the court found that the petition is defective and subject to dismissal because petitioner failed to formulate and state a claim in his petition that would entitle him to federal habeas corpus relief and failed to state any facts in his petition to support a claim. The court further found it clear from the face of the petition that Mr. Herredia-Morales had not fully exhausted his state court remedies on any claim other than his claim regarding jury instructions that was exhausted on direct appeal. Petitioner was given time to show cause why this action should not be dismissed for failure to state a claim and facts in support, and for failure to fully exhausted

his state court remedies on any claims he may be raising that are not those involving the jury instructions.

The matter is before the court upon petitioner's "Answer and Reply" (Doc. 4). In this pleading, petitioner again fails to set forth separate numbered recognizable claims and allege facts in support of each. He also fails to show that he has fully exhausted state remedies on any claims other than his jury instruction claim. Instead, petitioner states that he raised all issues the attorney told him to raise, makes unintelligible statements regarding his journal entry of sentence, and claims that "they were going to screw him out of any future civil filings."

Neither petitioner's response nor his exhibits contain allegations that comply with this court's order entered on January 30, 2012. Accordingly, the court finds that this action must be dismissed, without prejudice, because petitioner still fails to set forth recognizable claims with facts in support and fails to show that he has exhausted state court remedies on all claims in his federal petition.

The court reiterates that the only claim which petitioner has exhausted in state court is that regarding jury instructions.[1] It does not appear that petitioner is even raising his jury

---

[1] If petitioner should decide to proceed only upon his one exhausted claim, that involving jury instructions, he may file a new federal petition that clearly raises that claim only. However, he must set forth this claim in a recognizable fashion and must allege facts in support. He is cautioned that he basically has only one shot at federal habeas corpus review. Thus, if he files a petition containing his only exhausted claim, later exhausts on other claims, and then files a second habeas application in federal court, the latter petition will likely be barred as second and successive. See 28 U.S.C. § 2244(a).

instructions claim in this federal petition.[2]

While petitioner's exhibit of his 60-1507 petition filed in state court in 2009 sets forth claims of ineffective assistance of counsel, the denial of that petition was not appealed. Therefore, this claim has never been presented to the highest state court. Petitioner does not show that he has attempted to file an out-of-time appeal in the Kansas Court of Appeals of the denial of his 60-1507 motion. At this juncture, it is plain that petitioner's claim of ineffective assistance of counsel was not fully exhausted in state court. It also appears to be procedurally defaulted.

Petitioner is attempting to raise claims in his federal petition in addition to ineffective counsel that are not about jury instructions. It is clear that no such claim has been exhausted. Petitioner does not show that he has attempted to raise his other claims in a 60-1507 motion that was appealed to the highest state court.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, for failure to state recognizable claims and failure to allege facts in support as well as for failure to show full exhaustion of state court remedies on all claims in the petition.

---

[2] Petitioner's claims in his petition were: "Ortiz hearing, conflict of interest, and letter stating or implications to that effect" and in his 60-1507 exhibit: ineffective assistance of counsel. The only claim for which any facts in support are provided is that of ineffective assistance.

3

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2012, at Topeka, Kansas.

                                                s/Sam A. Crow
                                                U. S. Senior District Judge